IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN UMHOLTZ, )
)
    Plaintiff, )
)
v. ) Civil Action No. 14-00009J
)
CAROLYN W. COLVIN, )
Commissioner of )
Social Security )
)
    Defendant. )

AMBROSE, U.S. Senior District Judge

**OPINION
AND
ORDER**

I. Synopsis

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI")) and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he was disabled beginning February 4, 2011. ECF No. 8-2, 10. An Administrative Law Judge ("ALJ") held a hearing on July 23, 2012 in Altoona, Pennsylvania. *Id.* On August 28, 2012, the ALJ found that Plaintiff was not disabled under the Act. ECF No. 8-2, 20. After exhausting all administrative remedies, Plaintiff filed this action.

Pending before the Court are cross-motions for summary judgment. ECF Nos. [9] (Plaintiff) and [11] (Commissioner). Both parties filed briefs in support of their motions. ECF Nos. [10] (Plaintiff) and [12] (Commissioner). The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, I deny Plaintiff's motion and grant Defendant's motion for summary judgment.

1

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for supplemental security income ("SSI"), a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it

meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5).

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Whether the ALJ Adequately Addressed Plaintiff's Mental Impairments With Respect to Concentration, Persistence, and Pace

Plaintiff submits that the ALJ erred because he failed to properly evaluate Plaintiff's mental limitations and alleges that the ALJ's mental RFC does not properly account for Plaintiff's limitations with respect to concentration, persistence, and pace. Pl.'s Br. 5-14. Plaintiff further alleges that because the ALJ's hypothetical questions to the vocational expert ("VE") did not accurately set forth all of Plaintiff's individual impairments, the VE's responses cannot be substantial evidence in support of the ALJ's denial of benefits. *Id.*

The ALJ found "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties . . . but [] he retains the ability to perform simple, repetitive, routine (i.e. unskilled) job tasks." ECF No. 8-2, 15. He noted that Plaintiff's self-reported activities of daily

3

living "are consistent with an individual capable of performing simple, routine, repetitive job tasks." *Id.* The ALJ noted that despite Plaintiff's testimony that he "had difficulty with concentration and focus . . . [Plaintiff's] testimony was responsive and coherent without apparent lapses of attention." *Id.* Further, the ALJ recognized that Plaintiff had experienced no episodes of decomposition for an extended duration. *Id.* The ALJ concluded that Plaintiff's mental impairment does not meet either of the "paragraph B" or "paragraph C" criteria such that he meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 15-16. The ALJ properly supported these findings with substantial evidence in the record. *See id.* (citing Exhibits B3E, B9F, 2E, & 6E).

Moreover, as the ALJ stated, the paragraph B limitations are "used to rate the severity of mental impairments at steps 2 and 3 . . . [and] the mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p)." ECF No. 8-2, 15. After assessing Plaintiff's degree of limitation according to the categories found in paragraph B of the adult mental disorders listing in 12.00 of the Listing of Impairments, the ALJ determined Plaintiff is limited to *inter alia* "simple, routine tasks involving no more than simple, short instructions, simple, work-related decisions with few work place changes (unskilled work), no work at production-rate pace, and occasional interaction with the public, co-workers, and supervisors." *Id.* at 16. In making his determination, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [] not credible to the extent they are inconsistent with [the ALJ's] residual functional capacity assessment." *Id.* at 17. Discussing Plaintiff's credibility regarding his mental limitations, the ALJ found that gaps in

Plaintiff's treatment for his mental impairments "suggest that [his] symptoms may not be as serious as alleged." *Id.* at 18. The ALJ gave little weight to Plaintiff's lower GAF scores, finding them to be "inconsistent with the totality of the evidence, including mental status examinations, which generally revealed a bright affect with normal speech and fair grooming." *Id.* The ALJ also gave only "some weight" to the state agency physician and psychologist who concluded Plaintiff has "'moderate' work-related limitations from his mental health impairments," and noted that his RFC is more restrictive. *Id.* After reviewing the record, I find that the ALJ thoroughly considered and properly weighted all evidence of Plaintiff's mental limitations with respect to concentration, persistence, and pace. *See* ECF No. 8-2, 17 (citing Exhibits B3F, B7F, B8F, & B9F). Accordingly, remand on this basis is not warranted.

Additionally, I find that the ALJ's hypothetical questions to the VE accurately reflected all of Plaintiff's limitations in concentration, persistence, and pace. ECF No. 8-2, 43-44. In his questioning of the VE, the ALJ asked if there was work available for an individual "limited to simple, routine tasks involving no more than simple, short instructions; simple, work-related decisions with few workplace changes; no work at production rate pace, fast-paced assembly line-type work. Further limitations of occasional interaction with the public, co-workers, and supervisors." *Id*. at 44. Such restrictions have repeatedly been found sufficient to accommodate limitations in concentration, persistence, and pace. *See, e.g., McDonald v. Astrue*, 293 F. App'x 941, 947-48 (3d Cir. 2008); *Menkes v. Astrue*, 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration . . . Having previously acknowledged that Menkes suffered moderate limitations in concentration,

persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'"); *Watson v. Colvin*, No. 12-552, 2013 WL 5295708, at *5 (W.D. Pa. Sept. 18, 2013); *Polardino v. Colvin*, No. 12-806, 2013 WL 4498981, at *3 (W.D. Pa. Aug. 19, 2013) ("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace."); *Hart v. Colvin*, No. 13-5, 2013 WL 4786061, at *9 (W.D. Pa. Sept. 6, 2013) ("Hart's concentration-related difficulties were accommodated by the limitations permitting the performance of only simple, routine, repetitive tasks.").

Moreover, I disagree with Plaintiff's comparison of this case to *Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir 2004) because the ALJ here took into account deficiencies in pace in his RFC by precluding work at a production-rate pace and fast-paced assembly-line type work. *See* Pl.'s Br. 13; ECF No. 8-2, 16, 44. Consequently, I find no merit to Plaintiff's argument or basis for remand on this issue.

C. Whether the ALJ Properly Relied on VE Testimony Regarding Job Information Found in the Dictionary of Occupational Titles ("DOT")

Plaintiff argues that the ALJ's reliance on the VE's testimony was improper because the VE relied on job information as found in the DOT. Pl.'s Br. 15-22. Plaintiff alleges a conflict between the VE's evidence and information provided in the DOT's companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO") that the ALJ failed to recognize. Pl.'s Br. 15. The ALJ considered and rejected Plaintiff's post-hearing brief objecting to the VE's testimony because he found the VE's testimony consistent with the [DOT] and his RFC. ECF No. 8-2, 20.

6

First, I find the ALJ's discussion of his rejection of Plaintiff's post-hearing brief sufficient. *See* ECF No. 8-2, 20; *see also* HALLEX I-2-5-55 ("If a claimant raises an objection about a VE's opinion, the ALJ must rule on the objection and discuss any ruling in the decision.").

Further, I find no merit to Plaintiff's attack on the ALJ's reliance on the DOT. "[T]he DOT remains an appropriate source of occupational data. Under 20 C.F.R. § 404.1566(d)(1), the Social Security Administration may take administrative notice of job information from the DOT." *Devault v. Astrue*, Civ. Action No. 2:13-cv-0155, 2014 WL 3565972, at *6 (W.D. Pa. July 18, 2014). During the hearing, in response to questioning by Plaintiff's counsel, the VE confirmed that his opinions were consistent with the DOT and the SCO. ECF No. 8-2, 50. While Plaintiff alleges the VE's testimony is inconsistent with the SCO because the jobs of Bakery Worker and Fruit Distributor, according to the SCO, require occasional reaching, Pl.'s Br. 18, the VE clearly took this into consideration when he clarified the reaching limitations of the hypothetical individual under consideration:

> A    Well I just would like a point of clarification on that nondominant [left] upper extremity. Are you saying that it can only be extended away from the body --
>
> Q    Occasionally, up to one-third of the time, laterally, to the side, and in front of him basically extending occasionally.

*Id.* at 45. Accordingly, the VE opined: "[M]aybe logically if you could reach unlimited amount with your other upper extremity -- I'm not sure that you're really going to be able to practically accomplish job duties that require frequent reaching. I just think that [] there's too much activity that would require bilateral [reaching] . . . I can't think of [] any medium duty work [because] . . . it's almost impossible to carry things frequently without extending the arms bilaterally. . . . [therefore] at the light level where a hypothetical person could lift and carry up to 20 pounds

7

occasionally, 10 pounds on a frequent basis . . . there are jobs that an individual would perform." *Id.* at 46. Because the SCO reaching requirement for the jobs subsequently identified by the VE is not inconsistent with the hypothetical reaching limitations as articulated by the ALJ, I find no error in the ALJ's reliance on the VE's testimony.

Moreover, I find no merit to Plaintiff's allegations that the VE's testimony is inconsistent with "up-to-date and reliable job information" as found on the Department of Labor's Occupational Information Network (O*NET). "Social Security Ruling 00-4P sets forth that the relevant inquiry is whether VE testimony is consistent with the DOT." *Devault*, 2014 WL 3565972 at *6 (citing S.S.R. 00-4P). ALJ's are directed to identify and explain conflicts between the VE's testimony and the DOT. S.S.R. 00-4P. "Thus, even if the VE's testimony was in conflict with O*NET, there is no requirement that the VE's testimony comply with that database." *Malfer v. Colvin*, Civ. Action No. 12-169J, 2013 WL 5375775, at *5 (W.D. Pa. Sept. 24, 2013). Because there is no conflict between the VE's testimony and the DOT and SCO, I find that the ALJ properly relied on the VE's testimony as substantial evidence.

III. CONCLUSION

After careful consideration of the record and the submissions by both parties, for all of the foregoing reasons, I find that the ALJ's decision is supported by substantial evidence and not otherwise erroneous. Accordingly, I deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. An appropriate Order follows.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN UMHOLTZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 14-00009J ) |
| CAROLYN W. COLVIN, Commissioner of Social Security | ) ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, U.S. Senior District Judge

ORDER OF COURT

AND NOW, this 15th day of September, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. [9]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [11]) is GRANTED.

                                              BY THE COURT:


                                              /s/ Donetta W. Ambrose_____
                                              Donetta W. Ambrose
                                              U.S. Senior District Judge